UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT JAMES KROCKA,

        Petitioner,

                                        Case No: 8:14-cv-01548-T-24-TGW

v.                                       Cr. No.:  8:06-cr-127-T-24-TGW

UNITED STATES OF AMERICA,

        Respondent.
_____

## ORDER

This cause comes before the Court on Petitioner Vincent James Krocka's Amended Motion for Reconsideration and Request for Evidentiary Hearing (Cv. Dkt. 18).

Petitioner's third amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence was filed on August 18, 2014. In his § 2255 motion, Petitioner argued he was entitled to collateral relief based on alleged violations of his Fifth Amendment due process rights and his Sixth Amendment right to effective assistance of counsel. On May 7, 2015, this Court denied Petitioner's § 2255 motion, holding that each of Petitioner's claims in the motion were either procedurally barred, procedurally defaulted, or failed to satisfy the standard for ineffective assistance of counsel. Judgment was entered in favor of the Government on May 7, 2015. Petitioner now moves for reconsideration of this Court's May 7, 2015 Order (the "Order").

A petitioner may seek relief in a postjudgment motion though either Fed.R.Civ.P. 60(b) or Fed.R.Civ.P. 59(e). In addressing the classification of postjudgment motions, the Eleventh Circuit has drawn a substantive/collateral distinction, noting that "Rule 59 applies to motions for

reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.' " *Finch v. City of Vernon,* 845 F.2d 256, 259 (11th Cir.1988) (citations omitted). The Supreme Court has held that a Rule 60(b) motion is not a means to reassert claims that have been denied on the merits. *See Gonzalez v. Crosby,* 545 U.S. 524, 530–32, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005).[1]

Petitioner asserts he is entitled to reconsideration of this Court's Order pursuant to Fed. R. Civ. P. 60(b)(6). However, Petitioner's motion for reconsideration challenges the substance of the Order. For example, Petitioner argues the Order did not adequately address several of Petitioner's claims raised in his § 2255 motion, and that the Court "chose not to address" Petitioner's arguments regarding prejudice in his § 2255 motion. (Cv. Dkt. 18, p. 8). Petitioner's attempt to use Rule 60(b) to make a second or successive § 2255 motion concerning his arguments is improper. *See Davis v. United States*, No. 8:08-CR-413-T-30TGW, 2014 WL 1365416, at *1 (M.D. Fla. Apr. 7, 2014), *certificate of appealability denied* (Apr. 1, 2015). To the extent Petitioner is simply disagreeing with the Court's decision and attempting to re-litigate his claims, he is not entitled to relief. *See Gonzalez,* 545 U.S. at 530–32.

Petitioner's motion is also improper under Fed. R. Civ. P. 59(e). A motion under Rule 59(e) must be filed within twenty-eight days of the entry of the judgment in question, which in this case is this Court's May 7, 2015 order. Fed. R. Civ. P. 59(e). Because Petitioner's motion is dated June 24, 2015, it is untimely under Rule 59(e). Petitioner's motion also fails to show a substantive basis for relief on the basis of Rule 59(e). The three grounds that justify granting a Rule 59(e) motion are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the

---

[1] While *Gonzalez* addressed habeas corpus petitions filed under 28 U.S.C. § 2254, its holding also applies to motions filed under 28 U.S.C. § 2255. *See Gilbert v. U.S.,* 640 F.3d 1293, 1323 (11th Cir.2011), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 1001, 181 L.Ed.2d 743 (2012).

2

need to correct clear error or prevent manifest injustice. *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D. Fla.1999)); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007). Petitioner has not demonstrated that he is entitled to relief under either of the first two grounds. To the extent that Petitioner attempts to find argue he is entitled to relief on the basis of the third ground, the Court finds that he has failed to make the requisite showing that there is a need to correct clear error or prevent manifest injustice. Therefore, Petitioner's motion must be denied.

Accordingly, Petitioner's Amended Motion for Reconsideration and Request for Evidentiary Hearing (Cv. Dkt. 18) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of July, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties